**52 CCPA**

**POLAROID CORPORATION, Appellant,**

v.

**PHOTO-PLASTICS, INC., Appellee.**

**Patent Appeal No. 7322.**

United States Court of Customs and Patent Appeals.

March 4, 1965

Donald L. Brown, Cambridge, Mass., for appellant.

Submitted on record by appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH and ALMOND, Judges.

WORLEY, Chief Judge.

Polaroid appeals from the decision of the Trademark Trial and Appeal Board dismissing its opposition to an application [1] of Photo-Plastics for registration of "PRINT-TOTER" for "A Device for Holding a Photographic Print While a Chemical Coating is Being Applied Thereto and for Storing it While Drying and After it has Dried."

The matter has been briefed and argued before us by counsel for Polaroid. Photo-Plastics has not filed a brief or appeared by counsel, submitting only on the record.

Polaroid markets the Polaroid Land camera and film, which produces a finished photographic print shortly after exposure of the negative. Each roll of

1. Serial No. 108,136, filed November 9, 1960.

film includes an applicator described as a "print coater" used to coat the print after removal from the camera, the purpose being to remove residue and provide a protective layer against exposure to the atmosphere.

A specimen submitted with the application, showing the use of applicant's alleged trademark, includes, under the term "Print-Toter," the expression "For Use With Polaroid Type 30 Series Land Film."

Applicant's device is described by the board:

"It appears from an exhibit introduced by opposer that applicant's product is a small rectangular compartmental box-like apparatus which can be held in the hand. The topside thereof is perforated and has guide rails thereon. There is attached thereto a device to hold opposer's print coating product, and on one end of the box-like contraption there is a hinged door leading to three compartments.

"The purchaser of applicant's device is instructed to hold the device with hinged doors toward him, to insert the print by holding the tab, to slide the print towards him under the guide rails, to then coat the print in accordance with instructions given by Polaroid Corp., to open the hinged door and guide print, with coated side up, into the top drying compartment, to repeat the process with the next coated print using the second drying compartment, and to place the prints when fully dried in the lower storage compartment."

One ground of opposition is that "PRINT-TOTER" is descriptive of a device which "totes" or carries prints. The board observed that a "toter" is "one that carries," but concluded that "PRINT-TOTER" is not descriptive of applicant's goods.

In its brief here, Polaroid states:

"Webster's New International Dictionary (Second Edition) defines 'tote' as meaning 'to carry' and 'toter' as 'one who or that which totes'. A tote-box is a box for storing, handling and transporting materials and Appellee's Print-Toter is a box for handling, storing and carrying photographic prints."

We agree with that reasoning, and note also that the same dictionary defines "carry" as "to support; to sustain," terms which appear to be particularly applicable to applicant's device as described by the board. Accordingly, we think that "PRINT-TOTER" is "merely descriptive" of the goods within the meaning of Section 2(e) of the Lanham Act, and that the board erred in dismissing the opposition.

The decision is reversed.

Reversed.